IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXTANG CORPORATION, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 19-923 (KAJ) |
| ) | **FILED UNDER SEAL** |
| TRUCK ACCESSORIES GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Geoffrey G. Grivner, Nadia S. Loizides, Buchanan Ingersoll & Rooney PC, 500 Delaware Avenue, Suite 720, Wilmington, DE 19801, *Counsel for Plaintiffs*
   Of Counsel: Steven A. Caloiaro, Dickinson Wright PLLC, 100 W. Liberty St., Ste. 940, Reno, NV 89523
   H. Jonathan Redway, Dickinson Wright PPLC, 1825 Eye Street, N.W., Ste. 900, Washington, DC 20006

Chad S.C. Stover, Regina S.E. Murphy, Barnes & Thornburg LLP, 1000 North West Street, Suite 1500 Wilmington, DE 19801, *Counsel for Defendant*
   Of Counsel: D. Randall Brown, 888 S. Harrison Street, Ste. 600, Fort Wayne, IN 46802

February 18, 2022
Wilmington, Delaware

JORDAN, Circuit Judge, sitting by designation.

## I.   INTRODUCTION

This is a lawsuit by Extang Corporation, UnderCover, Inc., and Laurmark Enterprises, Inc. d/b/a BAK Industries (collectively and in the singular, "Extang") against Truck Accessories Group, LLC d/b/a Leer, Inc. ("Leer"). Extang and Leer are competitors who sell accessories for pickup trucks. Extang alleges that Leer is infringing four of its patents that relate to foldable tonneau covers for pickup truck cargo boxes. (D.I. 1 at 1-2.) Those four patents are U.S. Patent Nos. 8,182,021 (the '021 patent); 7,537,264 (the '264 patent); 9,815,358 (the '358 patent); and 6,893,073 (the '073 patent). The accused product is the model HF350 tonneau cover, which is designed, marketed, and sold by Leer. (D.I. 169 at 1.)

Both sides have moved for partial summary judgment on Leer's invalidity defenses. (D.I. 35 at 27.) Extang moves for summary judgment on non-obviousness with respect to all asserted claims. (D.I. 170; D.I. 171.) Leer moves for summary judgment on obviousness and anticipation with respect to the asserted claims under the '264 patent and the '021 patents.[1] (D.I. 159; D.I. 160 at 28-46.) For the following reasons, both motions will be denied.

---

[1] In Leer's proposed order attached to its summary judgment motion, Leer also lists the "'359 patent[,]" alongside the '264 and '021 patents, as being subject to summary judgment on invalidity grounds. (D.I. 159-1 at 1.) Assuming that Leer is referring to the '358 patent, Leer does not elsewhere indicate – in its motion or briefs in support thereof – its intent to move for summary judgment on invalidity with respect to

2

## II.     FACTUAL BACKGROUND

A few claim limitations of the '264 and '021 patents are particularly relevant to the parties' present arguments. First, to allow the cover panels to fold flat onto each other and uncover the cargo box, claim 31 of the '021 patent claims "spacer[s]" between panels. ('021 Pat. 3:51-53, 12:19-24.) And claims 1 and 25 of the '264 patent claim "resilient hinge strip[s]" and "resilient connector[s,]" respectively, which are made of rubber or a like material that allows for adjacent panels to be connected and sealed against dirt and liquids but to still fold onto each other. ('264 Pat. 4:38-42, 8:12-18, 12:1-4.)[2] When the panels are folded up, they rest on a forward section formed of a "unitary extruded panel" as claimed in claim 1 of the '358 patent. ('358 Pat. 7:52-8:-5.) When the panels are unfolded to cover the cargo box, "a slam latch assembly on a bottom surface of each of the panels" secures each panel to the side rails lining the cargo box, as stated in claims 1 and 25 of the '264 patent and claim 31 of the '021 patent. ('264 Pat. 8:19-26, 11:21-24; '021 Pat. 12:25-26.) Claim 25 of the '264 patent says that the panels, when unfolded, cover the entire cargo box, but not the stake pockets, which are openings on the top of the cargo box side rails. ('264 Pat. 2:43-46, 12:9-11.) Finally, claim 31 of

---

the asserted claims of the '358 patent. To the extent that Leer attempts to so move, its motion is denied.

[2] The Court has construed "resilient hinge strip" to mean a "strip at the joint made of material that is capable of recovering original shape after deformation" and "resilient connector" to mean "a connector made of material that is capable of recovering original shape after deformation[.]" (D.I. 90 at 2 (internal quotation marks omitted).)

3

the '021 patent claims "an extension plate adjacent to a front end of the rail[,]" which attaches to the cab panel with mounting bolts. ('021 Pat. 6:7-10, 12:14-15.)

## III.  DISCUSSION

### A.  Legal Standard

Summary judgment is appropriate only if, after drawing all reasonable inferences in favor of the non-moving party, there exists "no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 469 (3d Cir. 2021); Fed. R. Civ. P. 56(a). The moving party has the "burden of showing the absence of a genuine issue as to any material fact," *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970), but the non-moving party, to defeat a well-supported motion for summary judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In deciding a motion for summary judgment of invalidity the burden of proof must be considered." *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1189 (Fed. Cir. 1996).

### B.  The Cross-Motions on Obviousness

A patent is invalid "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103.[3] "An obviousness

---

[3] Congress amended 35 U.S.C. § 103 when it enacted the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, § 3(n), 125 Stat 284, 293 (2011). The pre-AIA

determination generally requires a finding that all claimed limitations are disclosed in the prior art[.]" *Univ. of Strathclyde v. Clear-Vu Lighting LLC*, 17 F.4th 155, 160 (Fed. Cir. 2021) (citation and internal quotation marks omitted). "Obviousness is a legal question based on the following underlying factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary evidence of nonobviousness." *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015). "A party seeking to invalidate a patent based on obviousness must prove by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." *Novartis Pharm. Corp. v. W.-Ward Pharm. Int'l Ltd.*, 923 F.3d 1051, 1059 (Fed. Cir. 2019) (citation and internal quotation marks omitted).

Leer argues that most of the asserted claims are invalid due to obviousness. (D.I. 219-4, Ex. 50 at 4-8.) Extang moves for summary judgment on the Leer's obviousness argument and contends, in a roughly three-page argument of its brief, that Leer could not

---

version of § 103 applies to the asserted claims of the '073 patent, the '264 patent, and the '021 patent, which have effective filing dates before March 16, 2013. *In re Nuvasive, Inc.*, 842 F.3d 1376, 1381 n.4 (Fed. Cir. 2016). But the post-AIA version of § 103 applies to the asserted claim of the '358 patent because that patent has an effective filing date after March 16, 2013. *Cap Exp., LLC v. Zinus, Inc.*, 996 F.3d 1332, 1337 n.8 (Fed. Cir. 2021). As applicable here, however, there are no relevant, material differences between the pre- and post-AIA versions of § 103. *Pharmacyclics LLC v. Alvogen Pine Brook LLC*, 2021 WL 3680317, at *2 (D. Del. Aug. 19, 2021).

proffer any evidence showing that a person of ordinary skill in the art would have been motivated to combine any prior art references or would have had a reasonable expectation of success in doing so. (D.I. 171.) Leer disagrees, citing dozens of paragraphs in its expert's report that, it claims, show otherwise. (D.I. 199 at 19-21.)

In light of the "flexible obviousness inquiry[,]" there are enough "sources of information" reflecting a motivation to combine the cited prior references in order for Leer's obviousness defense to get to a jury. *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1329 (Fed. Cir. 2009) (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418-21 (2007)). Leer's expert's report declares that each asserted claim limitation was "common knowledge" or otherwise disclosed in the prior art. (D.I. 181-2, Ex. 1 ¶¶ 124, 139, 147, 175, 236, 582, 606, 624, 678, 939, 1014, 1025, 1035, 1048-1049.) A jury could find, from that opinion, that the asserted claims refer to a "combination of familiar elements according to known methods" that "does no more than yield predictable results." *KSR*, 550 U.S. at 416.

The report also explains the well-known functional benefits of certain long-used features of the asserted claims, such as "extruded panels [that] offer cost efficiencies and ease of manufacture" (D.I. 181-2, Ex. 1 ¶ 175), "panels that cover substantially the entire cargo box" (D.I. 181-2, Ex. 1 ¶ 865), "spacers" that "allow tonneau cover panels to fold flat onto each other" (D.I. 181-2, Ex. 1 ¶ 1036), and a structure like the claimed extension plate that "prevent[s] the cover from blowing off the pickup truck" (D.I. 181-2, Ex. 1 ¶¶ 1047-48). A jury could find "that the elements of the [asserted claims] were used in the prior art for th[ose] very purpose[s]" and that those known benefits would motivate

6

"many inventors in the ... industry" to combine those elements. *Cf. ZUP, LLC v. Nash Mfg., Inc.*, 896 F.3d 1365, 1371-73 (Fed. Cir. 2018) (affirming district court's grant of summary judgment that patent for water recreational board was obvious where all elements existed in prior art and derived from industry-wide desires "to aid in rider stability, to allow a wide variety of users to enjoy the device, and to aid users in maneuvering between positions on a water board" (internal quotation marks omitted)).

From at least those sources of information – and absent any more specific argument from Extang – there is a genuine dispute whether a person of ordinary skill in the art would have been motivated to combine the prior art references to achieve the asserted claims. There is likewise a genuine dispute whether a person of ordinary skill in the art would have a reasonable expectation of success in combining those prior art references. *See Bos. Sci. SciMed, Inc. v. Iancu*, 811 F. App'x 618, 625-26 (Fed. Cir. 2020) (elements that were "commercially available" and "successful[ ]" would lead person of ordinary skill in the art to reasonably expect "similar effectiveness and success"). Accordingly, Extang is not entitled to summary judgment on the obviousness defense raised by Leer.

Turning to Leer's motion for partial summary judgment on obviousness with respect to the asserted claims from the '264 patent and the '021 patent (D.I. 160 at 28-46), Leer says that all claim limitations are disclosed in either U.S. Patent No. 6,024,402 (the "Wheatley '402 patent") or U.S. Patent No. 5,636,893 (the "Wheatley '893 patent"), with additional disclosures of spacers in U.S. Patent No. 5,427,428, and of stake pocket openings in U.S. Patent No. 4,313,636. That argument mirrors the deficiency in Extang's

7

summary judgment motion: there is a genuine dispute whether "a person of ordinary skill in the art would have combined elements from specific references *in the way the claimed invention[s] do[ ]*." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1328 (Fed. Cir. 2012). Although, as explained above, Leer can point to some sources of information showing a motivation to combine, a jury could find otherwise. *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015).

Genuine disputes also exist as to differences between the prior art and certain claim limitations. In particular, there is conflicting evidence on the differences between the Wheatley '402 patent's disclosure of a slam latch assembly on the bottom surface of two of three panels and the claim limitations here for a slam latch to be on a bottom surface of each of the panels, as described in claims 1 and 25 of the '264 patent. (D.I. 181-2, Ex. 1 ¶ 582; D.I. 198-3, Ex. 38 ¶¶ 218-219; '402 Pat. 5:20-23.) Likewise, there is a genuine dispute of fact on the differences between the "angle bracket" in the Wheatley '893 patent and the extension plate in claim 31 of the '021 patent. (D.I. 181-2, Ex. 1 ¶¶ 818-819; D.I. 198-3, Ex. 38 ¶¶ 360-368; '893 Pat. 6:31-33.) Those factual questions alone preclude summary judgment for Leer. *See TQ Delta, LLC v. DISH Network LLC*, 929 F.3d 1350, 1360 (Fed. Cir. 2019) ("[U]nderlying findings of fact include … differences between the prior art and the claims at issue[.]" (citation and internal quotation marks omitted)).

Accordingly, Leer is not entitled to summary judgment on obviousness with respect to claims 1 and 25 of the '264 patent or claim 31 of the '021 patent. And because Leer's summary judgment motion fails on obviousness with respect to those independent

8

claims, it also fails with respect to the dependent claims. *Cf. Neptune Generics, LLC v. Eli Lilly & Co.*, 921 F.3d 1372, 1375 (Fed. Cir. 2019) ("Because the Board concluded the independent claims would not have been obvious, it did not consider the additional limitations of the dependent claims.").

### C.    Leer's Motion on Anticipation

"A patent claim is invalid as anticipated only if each and every element of the claim is expressly or inherently disclosed in a single prior art reference." *Guangdong Alison Hi-Tech Co. v. Int'l Trade Comm'n*, 936 F.3d 1353, 1363 (Fed. Cir. 2019) (citing 35 U.S.C. § 102).[4] "The prior art document, however, may incorporate subject matter by reference to another document such that the incorporated material becomes part of the host document for the purposes of anticipation." *Apple Inc. v. Int'l Trade Comm'n*, 725 F.3d 1356, 1362 (Fed. Cir. 2013). "To incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). "Whether and to what extent a host document incorporates material by reference is a question of law[.]" *Apple Inc.*, 725 F.3d at 1362. "In making such a determination," the Court asks "whether a skilled artisan would understand the host document to describe with sufficient particularity the material to be incorporated." *Husky Injection Molding Sys. Ltd. v.*

---

[4] The AIA also amended 35 U.S.C. § 102, so the pre- and post-AIA versions of § 102 apply in the same manner to the asserted claims as with § 103. *See supra* note 3. Again, there are no material differences relevant to this decision.

9

*Athena Automation Ltd.*, 838 F.3d 1236, 1248 (Fed. Cir. 2016). "The factfinder's role, in turn, is to determine whether that single reference describes the claimed invention." *Zenon Envtl., Inc. v. U.S. Filter Corp.*, 506 F.3d 1370, 1379 (Fed. Cir. 2007). "A finding of anticipation requires clear and convincing evidence that each and every element is found within a single prior art reference, arranged as claimed." *ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1364, 1368 (Fed. Cir. 2019) (citation and internal quotation marks omitted)).

According to Leer, claims 1 and 25 of the '264 patent, claim 31 of the '021 patent, and certain dependent claims are anticipated by the Wheatley '402 patent and its incorporation by reference of the Wheatley '893 patent. The Wheatley '402 patent discloses an accessory system for a cargo box, whereby side rails allow multiple accessories (e.g., a tonneau cover, bicycle racks, cargo netting) to be installed simultaneously. It also discloses "a hard panel tonneau cover … attached to a side rail[,]" which "is made of a plurality of panels [ ] coupled together by hinges as shown in FIG. 14." ('402 Pat. 5:4-7.) (Figure 14 "is a side view of [a] hard panel tonneau cover … showing a hinge joint coupled to a pin on the side rail[.]" ('402 Pat. 2:27-29.)) The Wheatley '402 patent then states, "Additional details concerning the construction of the hard panel tonneau cover are contained in [the Wheatley '893 patent], incorporated herein by reference." ('402 Pat. 5:7-10.)

The only specific material that the '402 Wheatley patent identifies with any possible "detailed particularity[,]" *Advanced Display*, 212 F.3d at 1282, is the "[a]dditional details concerning the construction of the hard panel tonneau cover" from

10

the Wheatley '893 patent. The present task, then, is to decide the extent to which the Wheatley '893 patent pertains to "the construction of the hard panel tonneau cover" and thus is incorporated by reference into the Wheatley '402 patent. One may reasonably question whether the Wheatley '402 patent "identif[ies] with detailed particularity" the material in the Wheatley '893 patent to be incorporated by reference and "clearly indicate[s] where that material is found[.]" *Id.* Even so, three adjacent paragraphs of the specification in the Wheatley '893 patent discuss how "[t]he tonneau cover … is constructed" and summarize Figure 3, in which "the construction of the hard panels is shown in greater detail[.]" ('893 Pat. 3:9-49, fig.3.) I conclude, as a matter of law, *Apple Inc.*, 725 F.3d at 1362, that those three paragraphs plus Figure 3 – but nothing else from the Wheatley '893 patent – are incorporated by reference into the Wheatley '402 patent. Leer proposes a broader, if not entire, incorporation of the Wheatley '893 patent, because the subject of the Wheatley '402 patent's incorporation ("the construction of the hard panel tonneau cover") "permeate[s] the entirety of the [Wheatley] '893 patent[.]" (D.I. 217 at 18.) But a narrower approach is demanded where, as here, the Wheatley '402 patent specifically calls out the subject matter to be incorporated. *Cf. Harari v. Lee*, 656 F.3d 1331, 1335 (Fed. Cir. 2011) ("[T]he entire '579 application disclosure was incorporated by the broad and unequivocal language: 'The disclosures of the two applications are hereby incorporate[d] by reference.'" (second alteration in original)).

As construed, that combined reference does not compel summary judgment for Leer. A jury could find that the combined reference does not disclose the "resilient hinge strip[s]" in claim 1 of the '264 patent or the "resilient connector[s]" in claim 25 of that

11

patent. ('264 Pat. 8:12-18, 12:1-8.) Leer disagrees, pointing to the "seal 240" disclosed in the Wheatley '893 patent. (D.I. 160 at 36-38 (citing '893 Pat. 7:1-27).)[5] But that disclosure is outside the scope of what the Wheatley '402 patent incorporated by reference and therefore cannot be considered for purposes of anticipation. With respect to claim 31 in the '021 patent, a jury could find, for example, that the combined reference does not disclose a slam latch assembly under each panel of the tonneau cover. ('402 Pat. 5:20-23.) Those "missing limitation[s]" prevent the prior art reference from anticipating the asserted claims as a matter of law. *Genentech, Inc. v. Hospira, Inc.*, 946 F.3d 1333, 1340 (Fed. Cir. 2020). And because those independent claims are not anticipated, their dependent claims are not either. *See Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 487-88 (D. Del. 2019) ("As a dependent claim contains at least one more limitation than the independent claim upon which it depends, it cannot be invalid under § 102 ... if the independent claim upon which it depends is not anticipated." (citation and internal quotation marks omitted)).

## IV.   CONCLUSION

For the foregoing reasons, I will deny Extang's Motion for Partial Summary Judgment of Non-Obviousness (D.I. 170) and will deny Leer's Motion for Summary Judgment (D.I. 159) with respect to its anticipation and obviousness defenses.

---

[5] According to the Wheatley '893 patent, "seal 240 is a long flexible member that arches upwardly from its enlarged edges [ ] over the two gear sectors"; it "prevents water and dirt from entering into the hinge which can adversely affect operation of the hinge." ('893 Pat. 7:24-26, 7:35-36.)